# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01599-JLK

RANDY R. ROGERS,

    Plaintiff,

v.

NATIONAL OILWELL VARCO TUBOSCOPE,

    Defendant.

---

ORDER GRANTING MOTION TO DISMISS AND GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

---

Kane, J.

    Defendant National Oilwell Varco, L.P.[1] ("Varco") moves to dismiss this action per Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 11. In his Complaint, Plaintiff Mr. Randy R. Rogers alleges that he was unlawfully discriminated against by Varco, his employer, because of his "race, Caucasian, or color, White, or national origin, Non-Hispanic," and that he was retaliated against "for contacting the Human Resources Department, or for engaging in this protected activity." *See* Compl. at unnumbered ¶¶ 1, 4. Mr. Rogers brings these reverse discrimination and retaliation claims under Title VII and the Colorado Anti-Discrimination Act ("CADA"). I find the allegations fail for want of specificity and accordingly GRANT Varco's Motion for the reasons that follow.

---

[1] Plaintiff's Complaint incorrectly named Defendant as "National Oilwell Varco Tuboscope" and the case has ever since been captioned with the name of Defendant as such. Although Defendant has mentioned the erroneous moniker in its filings, it has not moved to amend the caption.

I.   Standard of Review and Legal Principles

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court clarified this pleading standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 662 (2009): to withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain enough allegations of fact, taken as true, "to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Because Mr. Rogers appears pro se, I review his "pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). That said, I may not assume that a pro se plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a pro se plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as pro se litigant's advocate); *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

The 12(b)(6) standard does not require that a plaintiff establish a prima facie case in his complaint. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). Nonetheless, the elements of each alleged cause of action help to determine whether a plaintiff has set forth a plausible claim. *Id*. at 1192. I thus start by discussing the elements a plaintiff must prove to establish claims for discrimination and retaliation under Title VII and the CADA, which statutes share the same elements for the two types of claims. *See Larson v. United Air Lines*, 482 F. App'x 344, 351 (10th Cir. June 1, 2012).

Title VII makes it unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See Crowe v. ADT Sec. Servs. Inc.,* 649 F.3d 1189, 1194 (10th Cir.2011). Under *McDonnell Douglas,* a three-step analysis requires the plaintiff first prove a prima facie case of discrimination. *See Garrett v. Hewlett–Packard Co.,* 305 F.3d 1210, 1216 (10th Cir.2002). To set forth a prima facie case of discrimination, a plaintiff must establish that (1) he is a member of a protected class, (2) he suffered an adverse employment action, (3) he qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class. *See Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 531 (10th Cir.1998). When a plaintiff is a member of a historically favored

group and brings a reverse discrimination claim, he must also point to "'background circumstances support[ing] the suspicion that the defendant is that unusual employer who discriminates against the majority.' "*Adamson v. Multi Cmty. Diversified Servs. Inc.,* 514 F.3d 1136, 1149 (10th Cir.2008) (citations omitted). If a plaintiff satisfies his prima facie case, including establishing additional background facts to demonstrate reverse discrimination, if applicable, the burden then shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action. *See Garrett,* 305 F.3d at 1216. If the defendant does so, the burden shifts once more back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext. *Id.*

Title VII also makes it unlawful for an employer to retaliate against an employee "because [s]he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). A plaintiff establishes retaliation either by directly showing that retaliation played a motivating part in the employment decision, or indirectly by relying on the three-part *McDonnell Douglas* framework. *See Twigg v. Hawker Beechcraft Corp.,* 659 F.3d 987 (10th Cir.2011). To state a prima facie case for retaliation under Title VII, a plaintiff must show "(1) that [s]he engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action." *Id.* at 998 (internal quotation marks omitted) (alteration in original).

II.   Discussion

As stated earlier, though Mr. Rogers is not required to set forth a prima facie case for each element, he is required to set forth plausible claims. His Complaint submits the following allegations:

- Mr. Rogers was unlawfully discriminated against because of his race (Caucasian), or color (white), or national origin (non-Hispanic) and he suffered retaliation for engaging in protected activity. Compl. ¶ 1.
- Mr. Rogers performed his job satisfactorily at all times. Compl. ¶ 2.
- On or about July 25th, 2012, Mr. Rogers complained to facility management about his facility supervisor, who is not of his class, who was harassing him by yelling, name calling, and intimidation. ¶ 2.
- Because the behavior complained about on July 25th did not cease, Mr. Rogers made a formal complaint to Pete Lauren, Varco's Human Resources representative. He complained about his facility supervisor's harassment and complained that the same was denying him advancement opportunities, giving them instead to those with less tenure who were of Hispanic origin. Compl. ¶ 3.
- Facility management was very angry with any employees for overriding Management and contacting the Human Resources Department. Compl. ¶ 4.
- Mr. Rogers was discharged from employment in retaliation from Management, for contacting the Human Resources Department, or for engaging in protected activity. Compl. ¶4.

After striking the first and last bullet points as legal conclusions, I now turn to whether Mr. Rogers's complaint sufficiently states plausible claims for relief based on the remaining allegations, all of which I take to be true for purposes of the instant Motion . They will sufficiently allege discrimination and retaliation if they "give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

Varco argues that Mr. Rogers's allegations are insufficient under *Khalik* and *Johnson v. Shineski*, 2013 WL 2295433, *1 (D. Colo. May 24, 2013). Although I find Mr. Rogers's Complaint more specific than the cited authority in some respects, principally in the realm of retaliation, I agree. In *Khalik*, the Tenth Circuit affirmed the district court's dismissal of the plaintiff's discrimination and retaliation claims based on allegations of physical assault (being grabbed on the arm), being subjected to a false investigation and to false criticism, and of making internal complaints to her employer. *Khalik*, 671 F.3d at 1194. The plaintiff did not allege who grabbed her by the arm, what the context for that action was, or when it occurred. *Id.* She did not allege why she believed that the action was connected with discriminatory animus. *Id.* She did not know who criticized her work, what the criticism was, or how she responded. *Id.* Expressing concern over these missing details, the court held that the plaintiff's claims were too vague to be plausible under the *Twombly/Iqbal* standard. *Id.*

Although Mr. Rogers provides me with the "who" responsible for some of the conduct he alleges, he leaves out the substance of the conduct. Similar to how the *Khalik* plaintiff did not allege what the criticism she had received was, Mr. Rogers does not allege what names he was called, what was yelled at him, or what racially insulting jokes he was told. Further, while alleging that his facility Manager made his job "discomforting, intimidating and very difficult," he does not allege how or in what manner his facility manager accomplished this.

Moreover, because Mr. Rogers is a member of a historically favored group (Caucasian, white), he must meet a higher burden to establish his *prima facie* case of

6

racial discrimination. *Williams v. Donahoe*, 2011 WL 2600968, at *2 (D. Colo. Mar. 14, 2011) *report and recommendation adopted in part, rejected in part, on other grounds*, 2011 WL 2600974 (D. Colo. June 29, 2011) (dismissing plaintiff's retaliation claim in addition to his discrimination claims) (citing *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003)).  He must "'establish background circumstances that support an inference that the defendant is one of those unusual employers who discriminates against the majority.'" *Adamson*, 514 F.3d at 1149.  He has not done so.

Notably, a plaintiff alleging reverse discrimination cannot defeat a motion to dismiss by merely alleging that he was a qualified individual who was treated differently than a similarly situated minority. *Notari v. Denver Water Dept.*, 971 F.2d 585, 590 (10th Cir. 1992); *Adamson v. Multi Cmty. Diversified Serv.*, 514 U.S. 1136, 1149 (10th Cir. 2008).  *See also Larson v. United Air Lines,* 2012 WL 1959471, at *4 (10th Cir. June 1, 2012) ("finding that differential treatment is insufficient to state a claim for reverse discrimination") (internal citation and quotation omitted).   As such, vague assertions that those of "Hispanic origin" were given "advancement opportunities" that Mr. Rogers "desired" are insufficient to state a claim for reverse discrimination.  In his Complaint, Mr. Rogers alleges no more than that the facility supervisor (race and identity not specified) denied him advancement opportunities "while those with less tenure that were of Hispanic origin, were given the same desired advancement opportunities by the Supervisor." Compl. ¶ 3.   These allegations fall short of creating "background circumstances' sufficient to create an inference of reverse discrimination."

With respect to the retaliation claim, Mr. Rogers has provided much of the information that the courts in *Khalik* and *Shineski* lacked and cited as reason to discount their plaintiffs' retaliation allegations, but he nevertheless shares their flaw of omitting sufficient discussion of facts that would show causation. *Shineski* in particular is of limited utility to my analysis because the claims involved were in large part not only *implausible*, but temporally *impossible*. The plaintiff claimed he was retaliated against on three separate occasions for filing an EEO Complaint, but his EEO Complaint's filing date post-dated two of his three alleged reprisals. *Shineski*, 2013 WL 2295433, at \*6 His third alleged event of retaliation, his termination, was not sufficiently alleged because the plaintiff did not allege that the relevant decision makers (those who terminated him or who played a part in his termination) knew of his protected activity or that his protected activity caused him to be terminated. *Id.* Nor did the plaintiff allege a pattern of retaliatory conduct beginning after he engaged in protected activity that culminated in his termination that could give rise to the inference that his termination was retaliatory. *Id.* Here, though Mr. Rogers suffers no chronological flaw like that exhibited in *Shineski* and has explicitly alleged a causal nexus between his discharge and his protected activity, the body of his alleged nexus is skeletal. Mr. Rogers claims that his discharge was because of his protected activity, but he does not explain how or why his protected activity led to his discharge—he simply asserts causation without giving details from which I may infer that his protected activity did in fact cause his termination. Further, he does not allege that the decision makers who fired him knew about his protected activity.

As noted above, the allegations in *Khalik* omitted basic details and provided no context.  Regarding the *Khalik* plaintiff's alleged protected activity of complaining, for example, the court explained that it did not know "when Plaintiff complained, or to whom. "  *Khalik*, 671 F.3d at 1194.  By contrast, Mr. Rogers's Complaint alleges both when and to whom his complaints were made.  The court also stated that the plaintiff should know what the response to her criticism was. *Id.*  Mr. Rogers's Complaint specifically alleges a response to his criticism, specifically that the human resources Department was that "facility management as very angry."  The court suggested that the plaintiff "should know details about how Defendant treated her compared to other [not of her class] employees."  Mr. Rogers's Complaint avers that his co-workers of Hispanic origin were given advancement opportunities that he was denied.  Even so, these allegations remain nebulous.  Mr. Rogers does not allege in what way facility management's anger manifested itself or what person(s) in facility management were angry.  Mr. Rogers does not, as noted above, specify what advancement opportunities he was denied.  There are no allegations about other similarly situated employees of Mr. Rogers's class being treated differently as he claims he was (that is, although Mr. Rogers alleges that minorities were given differential treatment, he does not allege that other members of the majority class were discriminated against as he claims he was).  There is no alleged nexus between the person(s) to whom Mr. Rogers complained and the person(s) who fired him.

## III.   Conclusion

Because any inference of discrimination or retaliation would require me to speculate beyond the pleaded allegations, I GRANT Varco's Motion, Doc. 11. However, the dismissal is WITHOUT PREJUDICE. Further, to avoid a second filing fee, I GRANT Mr. Rogers leave to file an amended complaint within 14 days if he wishes to do so. Any such amended complaint should clearly and specifically remedy the issues addressed in this Order. If such an amended complaint is filed, it should additionally make clear whether Mr. Rogers seeks to make a claim for unlawful harassment under a hostile work environment theory as Varco suggests his current complaint might be read. Mr. Rogers is advised that if I had read his current complaint as including an unlawful harassment claim under a hostile work environment theory, than I would have dismissed that claim as well for the reasons stated in Varco's Motion. Accordingly, if an amended complaint is filed and explicitly includes an unlawful harassment claim, it must remedy the defects noted by Varco.

DATED:     August 19, 2014              BY THE COURT:

                                        *s/**John L. Kane***
                                        John L. Kane, U.S. Senior District Judge